## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| LYNN KATCHMARK, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-cv-1278 (RC) |
| | : | | |
| v. | : | Re Document No.: | 3 |
| | : | | |
| NEW LIFE CHRISTIAN CHURCH, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff Lynn Katchmark brings this case *pro se* against New Life Christian Church, Mark Bradley and/or Turner Builders, Inc., and Washington Gas (collectively, "Defendants"). Ms. Katchmark alleges that Defendants' actions constitute a violation of her human rights under various provisions of the 1948 United Nations Universal Declaration of Human Rights, as well as an unspecified violation of her constitutional rights.

Defendant Bradley has moved to dismiss Ms. Katchmark's Complaint on several grounds.  Despite an Order from the Court advising Ms. Katchmark of her obligation under the Federal Rules of Civil Procedure and the Local Civil Rules to respond to Mr. Bradley's motion—or else treat the motion as conceded—Ms. Katchmark has not responded to the motion to dismiss.  Ms. Katchmark has also failed to respond to the Court's Order.  For the reasons explained below, the Court will dismiss the Complaint in its entirety.

## II.  FACTUAL BACKGROUND

Ms. Katchmark filed her Complaint in this Court on May 06, 2021.  Compl., ECF No. 1.
Ms. Katchmark brings various claims under the 1948 United Nations Universal Declaration of
Human Rights ("UDHR").  *Id.* at 5.  More specifically, she alleges that Defendants violated her
rights to equality, security of person, legal recognition, equality before the law, and a fair public
hearing, as well as her freedoms from discrimination, slavery, inhumane treatment, and
interference.  *Id.*

Defendants are three unrelated parties.  *See id.* at 4, 6.  Defendant New Life Christian
Church ("the Church") is a church located in Chantilly, Virginia.  *Id.* at 2.  Ms. Katchmark
attended the Church from approximately 2009–2010.  *Id.* at 8.  Beginning in 2009, Ms.
Katchmark participated in a women's group through the Church, which would meet weekly in
Ms. Katchmark's Virginia home.  *Id.*  Ms. Katchmark alleges that at one point during these
meetings, a group of church members turned against her, spoke unkindly toward and about her,
and instigated a pattern of "discrimination, harassment, hatred, and ultimately death threats"
toward her.  *Id.*  She claims that these actions constitute a violation of her human rights under
Articles 1, 2, 3, 4, 5, 6, 7, 12, and 17 of the UDHR.  *Id.* at 8–13.

Defendant Bradley is the owner of Bradley Turner Buildings, Inc., a Virginia corporation
that performs home construction and renovation work.  *See id.* at 2, 4; Mem. L. Supp. Bradley's
Mot. Dismiss ("Def.'s Mem.") at 1, ECF No. 3-1.  In the spring of 2017, Ms. Katchmark began a
home renovation project.  Compl. at 11.  She hired Mr. Bradley to perform work on her home as
part of the renovation.[1]  *Id.* at 11–12.  Mr. Bradley began working on Ms. Katchmark's home in

---

[1] Ms. Katchmark's Complaint, as Mr. Bradley points out, does not specify the details of
the agreement upon which Mr. Katchmark and Mr. Bradley contracted into.  *See* Compl. at 11,
ECF No. 1 ("I then signed a contract."); Mem. L. Supp. Bradley's Mot. Dismiss ("Def.'s Mem.")

May 2017 and continued for approximately three to four months.  *Id.*  Ms. Katchmark alleges—through somewhat ambiguous detail—that Mr. Bradley's work caused flooding in her home around August or September of 2017.  *Id.* at 12.  The Complaint states that Mr. Bradley removed and covered a drain in the foyer of her home and seems to suggest that this caused the flooding. *Id.*  Ms. Katchmark alleges that these actions constitute a violation of her human rights under Articles 6 and 17 of the UDHR.  *Id.* at 11–12.

Defendant Washington Gas is a gas company incorporated in Springfield, Virginia.  *Id.* at 2, 6.  Ms. Katchmark claims that in September 2018, neighbors began commenting on a gaseous odor around her home.  *Id.* at 12.  Although she did not smell gas at that time, Ms. Katchmark did detect a gaseous odor in February 2019 and began experiencing physical symptoms such as weakness, congestion, and a headache.  *Id.*  In response to a neighbor's call, the fire department arrived at Ms. Katchmark's home to inspect the odor.  *Id.*  Ms. Katchmark claims that the fire department detected a gas leak and, in response, contacted Washington Gas.  *Id.*  According to Ms. Katchmark, a representative from Washington Gas arrived at her home and purported to have repaired the gas leak.  *Id.*  However, Ms. Katchmark recounts that the odor persisted and that a Washington Gas representative who later inspected her home stated that "the leak was so severe it could have caused a house explosion."  *Id.* at 13.  Ms. Katchmark alleges these actions evidence a violation of her human rights under Articles 5, 7, 10, and 17 of the UDHR.  *Id.* at 12.

On July 30, 2021, Mr. Bradley filed a motion to dismiss Ms. Katchmark's Complaint. Mark Bradley and Turner Builders, Inc.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 3.  On August 2, 2021, the Court ordered Ms. Katchmark to respond to Mr. Bradley's motion to dismiss

at 1, ECF No. 3-1 (Ms. Katchmark "claims that she signed a contract with Mr. Bradley for unspecified renovation work on her home . . . .").

on or before September 1, 2021.  Order, ECF No. 4.  As of this time, Ms. Katchmark has failed

to comply with the Court's Order to respond to Mr. Bradley's motion to dismiss.

### III.  LEGAL STANDARD

Under Local Civil Rule 7(b), if any party fails to file a response to a motion within "14

days of the date of service or at such other time as the Court may direct . . . the Court may treat

the motion as conceded."  D.D.C. Loc. Civ. R. 7(b).  This rule "is a docket-management tool that

facilitates efficient and effective resolution of motions by requiring the prompt joining of

issues."  *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (citing *FDIC v. Bender*,

127 F.3d 58, 67 (D.C. Cir. 1997)).  In *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per

curiam), the D.C. Circuit held that a district court must take pains to advise a *pro se* party of the

consequences of the failure to respond to a dispositive motion.  *See also Neal v. Kelly*, 963 F.2d

453, 456 (D.C. Cir. 1992).  "That notice . . . should include an explanation that the failure to

respond . . . may result in the district court granting the motion and dismissing the case."  *Fox v.

Strickland*, 837 F.2d at 509.

This Circuit has addressed challenges to the compatibility of Local Civil Rule 7(b) with

various Federal Rules of Civil Procedure.  *See Winston v. Strawn, LLP v. McLean*, 843 F.3d 503,

506 (D.C. Cir. 2016) ("Local Rule 7(b) cannot be squared with Federal Rule of Civil Procedure

56."); *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir.

2016) ("Applying Local Rule 7(b) to grant an unopposed motion to dismiss under Federal Rule

of Civil Procedure 12(b)(6) risks circumventing the clear preference of the Federal Rules to

resolve disputes on their merits.").  However, *Cohen* ultimately "reaffirmed that, in the context

of a motion to dismiss, it has yet to deem a straightforward application of Local Rule 7(b) an

abuse of discretion."  *Voacolo v. Fed. Nat'l Mortg, Ass'n*, 224 F. Supp. 3d 39, 42 (D.D.C. 2016)

(cleaned up).  Accordingly, for the reasons below, the Court finds that this case presents a "straightforward" situation in which to apply Local Rule 7(b) and applies the Rule's standard to resolve the issues presented.

## IV.  ANALYSIS

### A.  Ms. Katchmark Has Conceded Defendant Bradley's Motion to Dismiss

On July 20, 2021, Mr. Bradley moved to dismiss Ms. Katchmark's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6).  *See* Def.'s Mot. at 1.  Mr. Bradley asserts that the Complaint failed to establish this Court's personal jurisdiction over him because the requirements of both the District of Columbia's Long Arm Statute and constitutional due process are unsatisfied.  Def.'s Mem. at 2–3.  Next, Mr. Bradley claims that this Court lacks subject matter jurisdiction because "the U.N. Declaration [of Human Rights] does not satisfy the Court's want of subject matter jurisdiction."  *Id.* at 6.  Mr. Bradley also argues that the alleged facts fail to state a claim upon which relief can be granted because "the U.N. Declaration does not impose an enforceable obligation on Mr. Bradley[,]" "there are no facts alleged that support a violation of the provisions of the U.N. Declaration[,]" and because "[t]he Complaint fails to allege any factual or legal connection between Mr. Bradley's services and the 'faultline' that caused the alleged leaks in [Ms. Katchmark's] basement."  *Id.* at 7.  Lastly, Mr. Bradley claims that the Complaint is time-barred under D.C. Code § 12-301, which imposes a three-year limitations period on breach of contract claims.  *Id.* at 7–8.

On August 2, 2021, this Court ordered Ms. Katchmark to respond to Mr. Bradley's motion to dismiss on or before September 1, 2021, warning her that the Court may treat Mr. Bradley's arguments as conceded under Local Civil Rule 7(b) if she failed to respond.  *See* Order.  Local Civil Rule 7(b) provides:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

D.D.C. Loc. Civ. R. 7(b).  Ms. Katchmark has neither responded to Mr. Bradley's motion to dismiss nor requested additional time to do so.

Despite potential for conflict between Local Civil Rule 7(b) and the Federal Rules of Civil Procedure in other contexts, this case presents a "straightforward application" of Local Civil Rule 7(b).  *See Fox v. Am. Airlines, Inc.*, 389 F.3d at 1294–95; *Cohen*, 819 F.3d at 483.  In concluding that the case before it did not present a straightforward situation, *Cohen* distinguished its facts from those in *Fox*:

> Cohen's case is different from *Fox,* where the district court faced a "straightforward" situation in which to apply Local Rule 7(b) to dismiss a complaint with prejudice.  In *Fox,* counsel had failed to respond *at all* to the motion to dismiss for the eight months that preceded the district court's dismissal of the complaint.  Here, Cohen filed an opposition to the motion to dismiss, albeit a few weeks late, as well as an amended complaint, both attempts to remedy what the district court treated as his effective concession.  Cohen's relatively prompt attempt to respond to the motion to dismiss, as well as the absence of any bad faith or prejudice to the defendants, makes all the difference.

*Cohen*, 819 F.3d at 483–84 (citations omitted).

Here, the situation is analogous to—and perhaps even more straightforward than—the facts in *Fox*.  Similar to *Fox*, where Plaintiff-Appellants failed to respond to Defendant-Appellee's motion to dismiss, and instead filed "a joint meet and confer statement and proposed scheduling order," *Fox*, 389 F.3d at 1293, Ms. Katchmark has failed to respond to Mr. Bradley's motion to dismiss in any form.  Furthermore, whereas in *Fox* "appellants offer[ed] nothing but an updated version of the classic 'my dog ate my homework' line", *id.* at 1294, Ms. Katchmark offers no explanation whatsoever for her failure to respond to Mr. Bradley's motion.

This situation thus stands apart from the less straightforward situation in *Cohen*, where the plaintiff filed an opposition and amended complaint in response to defendants' motion to dismiss, in an attempt to remedy his concession.  *See Cohen*, 819 F.3d at 483–84; *see also Voacolo*, 224 F. Supp. 3d at 43 (finding that the case presents a straightforward application of Local Civil Rule 7(b) "because [Plaintiff] has not asked for additional time or filed any response to the motions to dismiss despite repeated warnings to do so").  The Court therefore finds that this case presents a "straightforward situation" in which to apply Local Civil Rule 7(b).

   In light of Ms. Katchmark's concession and based on a review of the pleadings, the relevant law cited therein, and the record, the Court will grant Defendant Bradley's motion to dismiss the Complaint as conceded, and Mr. Bradley will be dismissed from this action.

### B.  The Complaint is Dismissed for Lack of Subject Matter Jurisdiction

Because it is imperative for the Court to ensure that it has subject matter jurisdiction at all times and over all claims, *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), the Court will *sua sponte* address the issue of subject matter jurisdiction regarding the two remaining defendants: New Life Christian Church and Washington Gas.  Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (Scalia, J., dissenting) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  Federal courts "possess only that power authorized by [the] Constitution and statute . . . ." *Kokkonen*, 511 U.S. at 377.  Because subject-matter jurisdiction concerns the Court's ability to adjudicate the case before it, the issue may be

7

raised *sua sponte*.  *NetworkIP, LLC*, 548 F.3d at 120.  "Indeed, we *must* raise it, because . . . we

are forbidden—as a court of limited jurisdiction—from acting beyond our authority."  *Id.*

When considering whether it has jurisdiction, a court must accept the well-pleaded

factual allegations of the complaint as true.  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119,

1129 (D.C. Cir. 2015) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir.

1992)).  Furthermore, *pro se* pleadings are held to "less stringent standards than formal pleadings

drafted by lawyers," *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*,

429 U.S. 97, 206 (1976)), and "[t]he district court may sustain jurisdiction when an examination

of the entire complaint reveals a proper basis for assuming subject matter jurisdiction other than

one that has been improperly asserted by the pleader or otherwise demonstrates that jurisdiction

exists when the Rule 8(a)(1) allegation is defective in some regard."  Wright & Miller, 5 Fed.

Prac. & Proc. Civ. § 1206 (4th ed.); *see also In re Mailman Steam Carpet Cleaning Corp.*, 196

F.3d 1, 5 (1st Cir. 1999), *cert. denied sub nom. LeBlanc v. Salem*, 530 U.S. 1230 (2000)

("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not

required as long as a complaint alleges sufficient facts to establish jurisdiction.").

However, "even a pro se plaintiff must meet his burden of proving that the Court

has subject matter jurisdiction over the claims, including when the court raises the issue *sua*

*sponte.*"  *Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 106 (D.D.C. 2014).

Despite the requirement to liberally construe a *pro se* complaint, this "benefit is not . . . a license

to ignore the Federal Rules of Civil Procedure."  *Sturdza v. United Arab Emirates*, 658 F. Supp.

2d 135, 137 (D.D.C. 2009).  As such, "[a] district court may dismiss an action *sua sponte* before

issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction

because the claim is wholly insubstantial."  *Kudjodi v. Wells Fargo Bank*, 181 F. Supp. 2d 1, 2

(D.D.C. 2001) (internal quotations omitted).  The Court has examined Ms. Katchmark's pleadings and does not find a proper basis for assuming subject matter jurisdiction.

As an initial matter, this is not a case in which a citizen of one state is suing a citizen of another state.  *See* 28 U.S.C. § 1332(a)(1).  Ms. Katchmark alleges that she is a resident of Virginia and that all three defendants are either residents or incorporations of Virginia as well. Compl. at 1–2.  There is therefore no factual basis in the record for assuming jurisdiction based on diversity of citizenship.

Although Ms. Katchmark generally references the Constitution and Bill of Rights in her Complaint, Compl. at 3, the facts alleged—even liberally construed—do not appear to invoke a federal question.  *See* 28 U.S.C. § 1331.  Ms. Katchmark details a series of events, which she claims demonstrates that Defendant New Life Christian Church sought to "destroy every part of [her] life," that Defendant Bradley performed faulty renovation work on her home, and that Defendant Washington Gas failed to repair a gas leak in her home.  Compl. at 4.  Although the facts pleaded in the Complaint might have a nexus to violations of local contract or tort laws, Ms. Katchmark "assert[s] federal jurisdiction without providing facts that would plausibly support the federal claims."  *Kudjodi*, 181 F. Supp. 2d at 3.  Accordingly, the Court finds that the Complaint is "completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court."  *Id.* (quoting *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida, N.Y.*, 414 U.S. 661, 666–67) (internal quotations omitted).   It will therefore dismiss *sua sponte* all claims against the remaining defendants for lack of subject matter jurisdiction.

## V.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss by Defendant Bradley (ECF No. 3) is **GRANTED AS CONCEDED**; and the Complaint in its entirety is **DISMISSED WITHOUT**

**PREJUDICE**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 19, 2021                                        RUDOLPH CONTRERAS
                                                                                    United States District Judge